UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| In Re:<br>Patrcia McGruder<br><br><br><br><br>Patrcia McGruder<br>Debtor(s)<br><br><br>CitiFinancial Services, LLC<br>Plaintiff(s)<br><br><br>Defendant(s) | BK No.: 09-47364<br><br>Chapter: 13<br>Honorable Jack B. Schmetterer<br><br><br>Adv. No.: 13-00665 |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. The Parties

1. The Plaintiff is Patricia McGruder.

2. The Defendant is CitiFinancial Services, LLC.

B. Factual Background

1. On or about 12/15/2009, Plaintiff filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. The Plaintiffs own the real estate commonly known as 7844 S. Christiana, Chicago, IL 60652.

3. That Cenlar as Servicer for State Farm Bank holds a first mortgage lien on the real property commonly known as 7844 S. Christiana, Chicago, IL 60652, with a secured claim of $154,463.69 pursuant to the proof of claim #10-2 filed on 02/18/2010 by Cenlar as Servicer for State Farm Bank.

4. The Defendant holds a second mortgage lien on the real property known as 7844 S. Christiana, Chicago, IL 60652 in the approximate amount of $21,944.03 pursuant to proof of claim #19-1 filed on 02/23/2010 by Defendant.

5. That the Plaintiff obtained a valuation of the property on 7844 S. Christiana, Chicago, IL 60652 indicating the value of 7844 S. Christiana, Chicago, IL 60652 as $145,000.00.

6. The first mortgage lien of Cenlar as Servicer for State Farm Bank is a secured claim based on the mortgage recorded on 06/30/2004 as document number 0418219119 with the Cook County Recorder of Deeds, Illinois.

Rev: 20130103_apo

7. The second mortgage lien of the Defendant is a claim based on the mortgage recorded on 08/24/2007 as document number 0723654004 with the Cook County Recorder of Deeds, Illinois.

8. The current Chapter 13 plan provides that the Plaintiffs will make monthly payments to the Chapter 13 Trustee in the amount of $535 monthly for 10 months and $605 monthly for an additional 50 months.

9. Under the Plan, general unsecured creditors will be paid a dividend of fifty percent (50%) of their allowed claims.

10. On 05/06/2013, Plaintiff issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and the Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 7844 S. Christiana, Chicago, IL 60652.

11. That on 05/06/2013, a copy of the summons and complaint was served in accordance with the Federal Rules of the Bankruptcy Procedure by regular U.S. mail and certified mail, postage prepaid upon CitiFinancial Services, LLC.

12. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

13. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

14. No evidence has been presented to challenge the appraised value of $145,000.00.

15. The first secured claim of Cenlar as Servicer for State Farm Bank in the amount of $154,463.69 exhausts the value and equity in Plaintiffs' residence.

16. There is no value and equity to support the claim of the Defendant.

CONCLUSIONS OF LAW

A. Jurisdiction

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to U.S.C. § 1409.

B. Argument

1. Is action was initiated under 11 U.S.C. § 506(a) and F.R. Bankr. P. 3012.

2. The Debtor scheduled the first secured claim of Cenlar as Servicer for State Farm Bank in the amount of $154,463.69 and the second secured claim of the Defendant in the amount of $21,944.03.

3. Cenlar as Servicer for State Farm Bank filed a proof of claim on 02/18/2010 for the amount of $154,463.69. Said claim is secured by a first mortgage on the Plaintiff's property commonly known as

7844 S. Christiana, Chicago, IL 60652.

4. The Defendant filed a proof of claim on 02/23/2010 for the amount of $21,944.03. Said claim is second in priority to the first mortgage lien.

5. That the value of Plaintiffs' property is $145,000.00.

6. As there is no value or equity to support the second priority lien of the Defendant its claim is not a claim secured at all by a security interest in the Debtors' residence, as the term is used in § 1322(b) of the Bankruptcy Code. The Chapter 13 Plan may value the collateral under F.R. Bankr. P. 3012, and determine the respective rights of secured creditors through the language used therein, contingent on confirmation thereof, completion of the Plan by the Debtors, and entry of the discharge. In re Meyer, 2009 B 20268, Docket Entry 69 (Bankkr.N.D.Ill. January 29, 2010).

Enter:

Dated: 6/18/13

United States Bankruptcy Judge

JUN 18 2013

**Prepared by:**
Alfredo J. Garcia
Ledford & Wu
200 S. Michigan Ave, Ste 209
Chicago, IL 60604
(312)294-4400
(312)294-4410 fax

Rev: 20130103_apo